## LEMINGTON, INC. v HAVERFIELD CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 3318. Decided Sept 27, 1941

Lurie & Gifford, Columbus, for Lemington, Inc., plaintiff-appellee.

Hedges, Hoover & Tingley, Columbus, for Haverfield Co., defendant-appellant.

### OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court affirming a money judgment of the Municipal Court of the city of Columbus in behalf of the plaintiff and against the defendant.

The action was for the purchase price of certain millinery shipped by the plaintiff from its Chicago factory to the defendant company at Columbus upon a written order purporting to have been signed for the defendant company by an authorized agent, John Glover. The order, accepted by the plaintiff, noted that shipment should be made on the 20th day of October, 1938. Shipment was made on the 21st of October, 1938 and upon receipt in due course at Columbus was refused by the defendant company. Thereafter suit was instituted by the plaintiff for $172.50, the purchase price of five dozen women's hats, for which judgment with interest and costs was entered for the plaintiff.

The errors assigned in this court are five:

(1) The Common Pleas Court erred in holding that the trial court did not err in admitting the testimony of the witnesses, Eugene J. Cross, Frank J. Twinting, Ruth Weiner, as to purchas-

es of millinery having been made in Columbus by the defendant-appellant from concerns other than the plaintiff-appellee, and which testimony was objected to by the defendant-appellant at the time.

(2) The Common Pleas Court erred in holding that the testimony was sufficient to establish the authority of John Glover to bind the defendant-appellant as to the order for millinery, which is the subject matter of this action.

(3) & (4) The Common Pleas Court erred in affirming the judgment of the trial court.

(5) Other errors apparent on the face of the record.

The brief of appellant is particularly addressed to two errors, both of which were also presented, argued, considered and determined by the Common Pleas Court.

The first error is directed to the admission by the Municipal Court of the testimony of three witnesses, the purport of which was that on or about the time that the order in question was signed by John Glover, the defendant company, through Glover, had made purchases of women's hats in Columbus from other concerns.

It was testified by a witness for the defendant that on November 12, 1936, the defendant company addressed a letter, copy of which is in the record, to plaintiff at its Chicago address, advising it that from said date no one in the Columbus office is authorized to place orders or buy merchandise and that defendant would not be responsible for the payment of any orders placed in Columbus, and on November 24, 1936, defendant company mailed a letter to Mr. H. Elhd, salesman for plaintiff company, in care of the company at Chicago, copy of which letter is in the record, advising him that the defendant company had entirely discontinued buying merchandise on the road in its Columbus office, that its New York office in the future would do the road buying and further that "it is necessary that you acknowledge receipt of this letter to me personally. If

not, we will write you again requesting this acknowledgment."

The exhibit indicates that the letters were to be signed by the president of defendant company. It was testified on behalf of plaintiff that it had not received the letter of November 12, 1936. It is not specifically testified that Mr. Elhd, salesman for plaintiff, did not receive the letter of November 24, 1936, but it does not appear that he acknowledged receipt of the letter, or, that any second letter was sent to him.

We have been favored with the opinion of Judge Randall upon the review of this judgment in Common Pleas Court. He was of opinion that the testimony to which objection is made in the first assignment of error was, in probability, not admissible because it could be proper only as tending to establish agency by estoppel and, as it did not appear that the plaintiff, at the time that it accepted the order from the defendant company, knew of the transactions to which the witnesses testified, it could not be the basis of an estoppel.

Upon the narrow question presented and determined we are in accord. An examination, however, of the record is convincing that the testimony was not admitted by the trial judge for the purpose of establishing agency by estoppel but only as the court expresses it at page 50 of the record,

"Let the record show that the testimony of the last four—I believe four —witnesses was received for the purpose only of showing that orders were received of Mr. Glover as a purchaser and for that only."

So that, it is obvious that the trial judge did not accept the testimony of these witnesses to establish the claim that the defendant company was estopped to deny the agency of Glover to bind the defendant in this case, but only to establish that in October, 1938, (1) it no longer was observing the policy set forth in its letters of November 12, 1936, and (2), asserted by

its counsel in the trial of this case to be its policy at the time that the order in question was placed.

It is our judgment that the testimony was competent for both of the foregoing purposes. Inasmuch as it was restricted to these purposes and was not accepted upon the ground objected to in the assignment of error, it cannot properly be made the basis of such assignment.

The Common Pleas Judge was likewise of the opinion that there was enough evidence in the record to establish the agency of Glover and that in placing the order with the plaintiff company he acted for and bound his principal, the defendant. We are of like opinion upon a careful reading of all this record.

It should be observed that Glover was not the ordinary employee of defendant company but was in a managerial position, second only to the president of the corporation. He was an executive, carrying the title of "Merchandising Manager", and also, according to his statement known as buyer. This managerial title in itself would imply that he had wide powers. The fact that the defendant company, through its president, wrote the letters in 1936 stating that from that time on no purchases would be made in Columbus, by implication admitted that theretofore said purchases had been so made upon authority of defendant. It also should be noted that in no written communication nor otherwise, prior to institution of suit, did the defendant company apprise the plaintiff that it was refusing the shipment because Glover was not authorized to bind it. In its first letter it objected to the fact that the shipment had not been made on the 20th of October, as the order required, but was delayed one day and shipped on the 21st. The second letter only expresses regret for some occurrence mentioned in a former letter, requests that it be forwarded the original order and states that the president, who signed the letter. "prefers to discuss the matter with the addressee when next in Chicago, which course would be preferable to correspondence". The testimony of Mr. Glover himself as to what he did is convincing, independent of the prohibition against establishing his authority as agent by his own testimony, that was empowered generally to buy regularly in Columbus on behalf of the defendant.

In the face of the testimony on behalf of the plaintiff, touching the agency of Glover no managing officer of the defendant company took the stand to deny his authority.

Upon fair consideration of this record we are unable to find any prejudicial error resulting to the defendant in the action of the Common Pleas Court in sustaining the judgment of the Municipal Court. The trial judge had before him a disputed question of fact which he had the right to resolve in favor of the plaintiff.

Judgment affirmed.

GEIGER, PJ. and BARNES, J., concur.